573 A.2d 996

CARL MACEK, PLAINTIFF–APPELLANT, v. CYNTHIA S. FRIEDMAN, F/N/A CYNTHIA MACEK, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 11, 1990—Decided May 10, 1990.

 615

Before Judges GAULKIN [1], DREIER and D'ANNUNZIO.

*Arthur J. Russo* argued the cause for appellant.

[1] Judge Gaulkin participated in this case with counsels' consent though he did not sit at oral argument.

*Francis X. Gavin* argued the cause for respondent (*Mulligan, Mulligan & Gavin,* attorneys).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Carl R. Macek (the father) appeals from a June 28, 1989 order of the Chancery Division, Family Part, dismissing his complaint for lack of jurisdiction. We now reverse and remand.

The complaint was filed in September, 1988, and sought an order restraining Cynthia S. Friedman (the mother) from removing the parties' two minor children from New Jersey. The parties had been divorced in Pennsylvania in 1986. However, as of September 1988, the mother and children had resided in New Jersey for approximately two years. Consequently, New Jersey was the children's "home state" within the meaning of the Uniform Child Custody Jurisdiction Act (UCCJA), *N.J.S.A.* 2A:34–28 *et seq. N.J.S.A.* 2A:34–30e defines "home state" as the state in which the child lived with a parent for at least six consecutive months. As the "home state" New Jersey courts had jurisdiction "to make a child custody determination by initial or modification decree...." *N.J.S.A.* 2A:34–31a(1)(i). Moreover, the Pennsylvania courts declined to exercise jurisdiction in view of the pending New Jersey action.[2]

On September 23, 1988 the Chancery Division entered an order permitting the mother "to remove ... the minor children from their residence in the State of New Jersey to Ramstein Air Force Base, Ramstein, West Germany, pending a plenary hearing scheduled for November 2, 1988...." The move to Germany was occasioned by the assignment of the mother's new husband, a chaplain, to active duty in the United States Air Force. Due to the press of other court business, no plenary hearing was ever held.

---

[2]The father had simultaneously filed a petition in the Pennsylvania Court of Common Pleas.

The father filed a motion returnable June 26, 1989[3] for an order granting primary physical custody to the father, directing a full custody investigation by the Warren County Probation Department and for other ancillary relief. The mother cross-moved for an order dismissing the complaint. After limited colloquy the motion judge ruled that New Jersey courts lacked jurisdiction. He stated in part:

> There is no way that this court can enforce an order against the natural mother in Germany right now, because she's there and we're here and there's no one within the State of New Jersey.
>
> That's not to say that we can't .. perhaps it can't be enforced in other ways through the median of .. of sending it to Germany to be enforced, but the long and short of it is, that notwithstanding all of the orders that have been entered up to the present time, it would appear that this matter doesn't belong in New Jersey, but it belongs in a jurisdiction where they have control over the litigant. And, under the circumstances Mr. Russo, I'm reluctant to do so, but I .. I just don't feel that we can entertain this matter.
>
> It's unfortunate that it's gone on for as many months as it has .. you acting in good faith thinking that you had a docket number .. thinking that you had the matter resolved through the median of filing the amended complaint and then also believing that the Probation Department would provide you with a docket number under the other theory as far as custody is concerned.
>
> But in view of my ... review of the file and the statute, I .. I'm concluding that the matter doesn't belong here, it should be reinstituted .. I guess .. in Pennsylvania where the divorce occurred and where the agreement was entered into as to providing the mother with temporary custody with joint legal custody being conferred upon both parents but she being given joint .. I mean .. being given temporary custody and permitting her to come to New Jersey.

After additional colloquy, the motion judge also ruled that the court lacked jurisdiction under *N.J.S.A.* 9:2–2 which prohibits removal of children without a court order if "such children are natives of this State, or have resided five years within its limits."

██ As previously indicated, the New Jersey Superior Court had jurisdiction in September 1988 when the father commenced this action. The fact that the Family Part, through an exercise of its jurisdiction allowed the mother to remove the children to

---

[3]Other motions had been filed and heard during the interim.

Germany pending a plenary hearing did not divest New Jersey courts of jurisdiction.

■ We also conclude that the court erred in dismissing the action on the ground that *N.J.S.A.* 9:2–2 was inapplicable. That statute provides:

> When the Superior Court has jurisdiction over the custody and maintenance of the minor children of parents divorced, separated or living separate, *and such children are natives of this State, or have resided five years within its limits,* they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, nor while under that age without the consent of both parents, unless the court, upon cause shown, shall otherwise order. The court, upon application of any person in behalf of such minors, may require such security and issue such writs and processes as shall be deemed proper to effect the purposes of this section. [Emphasis added.]

Although this statute may not be applicable because the children are neither New Jersey natives nor had they resided in New Jersey for five years, it is not the sole source of authority for judicial action in the present case. *N.J.S.A.* 2A:34–23 authorizes the New Jersey Superior Court "after judgment of divorce ... whether obtained in this State or elsewhere" to "make such order as to the ... care, custody, education and maintenance of the children ... as the circumstances of the parties and the nature of the case shall render fit, reasonable and just...."

The scope of *N.J.S.A.* 9:2–2 is limited. It prohibits removal of children unless the removing parent carries the burden of establishing cause for the removal. *Holder v. Polanski*, 111 *N.J.* 344, 350, 544 *A.*2d 852 (1988). The statute's inapplicability eliminates the prohibition and may relieve the removing parent of the burden of establishing cause. Its inapplicability, however, does not immunize the removal from judicial scrutiny upon application of the other parent. We are persuaded that *N.J.S.A.* 2A:34–23 grants New Jersey courts the authority to determine whether the removal violates the parties' joint custody agreement, is not in the children's best interests, or, if removal is not restrained, to establish concomitant adjustments in visitation and its costs. In addition to those issues, the

father now seeks physical custody through the medium of an amended complaint.

The order appealed from is reversed and the matter is remanded for further expedited proceedings consistent with this opinion.